**FORM TO BE USED BY A STATE PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983 OR BY A FEDERAL PRISONER IN FILING A BIVENS CLAIM.**

UNITED STATES DISTRICT COURT
Western ~~EASTERN~~ DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
CHARLOTTE, N. C.
SEP - 8 2005
U. S. DISTRICT COURT
W. DIST. OF N. C.

NO. 5:05CV247-MU
(leave this space blank)

Phillip Small

(enter full names of each plaintiff(s)

v.

Inmate Number 0530312

Dr. Piland (FNU)
Reggie Weisner
Keith Whitener
Matt Clark
(enter full names of each defendant(s)

******************************************************************************************

**I. HAVE YOU BEGUN OTHER LAWSUITS IN FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION? YES ( ) NO (✓)**

If your answer is YES, describe the former lawsuit in the space provided below:

**II. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT TO THE STATE INMATE GRIEVANCE PROCEDURE? YES ( ) NO (✓)**

If your answer is YES:

1. What steps did you take?
2. What was the result? (Attach copies of grievances or other supporting documentation.)

## VERIFIED STATEMENT

I have been advised of the requirements regarding exhaustion of administrative remedies and now submit this verified statement.

(Please choose the box that applies to your action):

______ There are no grievance procedures at the correctional facility at which I am being confined.

______ This cause of action arose at ____________________, and I am now being housed at ____________________. Therefore, I do not believe I have administrative remedies relating to this complaint at this time.

______ I have exhausted by administrative remedies relating to this complaint and have attached copies of grievances demonstrating completions.

**III. PARTIES:**

**In Item "A" below, place your name in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any. NOTE: ALL PLAINTIFFS LISTED IN THE CAPTION ON THE FIRST PAGE SHOULD BE LISTED IN THIS SECTION.**

A. Name of Plaintiff : PHILLIP SMALL

Name of Present Confinement ALEXANDER CORRECTIONAL INSTITUTION

Address of Present Confinement P.O. BOX 909, TAYLORSVILLE, NC. 28681

**In Item "B" below, place the full name of defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) through (F) for additional defendants. NOTE: ALL DEFENDANTS LISTED IN THE CAPTION ON THE FIRST PAGE SHOULD BE LISTED IN THIS SECTION.**

B. Defendant DR. PILAND (FNU)

Position DOCTOR

Employed at ALEXANDER CORRECTIONAL INSTITUTION

Address P.O. BOX 909, TAYLORSVILLE, NC. 28681

Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

C. Defendant REGGIE WEISNER

Position WARDEN

Employed at ALEXANDER CORRECTIONAL INSTITUTION

Address P.O. BOX 909, TAYLORSVILLE, NC. 28681

Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

D. Defendant Keith Whitener
Position Asistant Warden
Employed at Alexander Correctional Institution
Address P.O. Box 909, Taylorsville, NC. 28681
Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

E. Defendant Matt Clark
Position Unit Manager
Employed at Alexander Correctional Institution
Address P.O. Box 909, Taylorsville, NC. 28681
Capacity in which being sued: Individual ( ) Official ( ) Both (✓)

F. Defendant
Position
Employed at
Address
Capacity in which being sued: Individual ( ) Official ( ) Both ( )

## IV. STATEMENT OF CLAIM

State here as briefly as possible the **FACTS** of your case. Describe how **each** defendant is involved. Include also the names of the other persons involved, dates and places. **DO NOT GIVE ANY LEGAL CITATIONS OR ANY LEGAL ARGUMENTS OR CITE ANY STATUTES.** If you wish to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

1. Jurisdiction & Venue (A)

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(a). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. THE WESTERN DISTRICT IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

II. PLAINTIFF(B)

3. PLAINTIFF, [ PHILLIP SMALL ], IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF NORTH CAROLINA IN THE CUSTODY OF THE N.C. DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED IN ALEXANDER CORRECTIONAL INSTITUTION, IN THE CITY OF TAYLORSVILLE, AND THE STATE OF N.C.

III. DEFENDANTS (C)

4. DEFENDANT, PILAND (FNU) IS THE PRISON'S DOCTOR. HE IS LEGALLY RESPONSIBLE FOR PROVIDING HEALTH CARE TO ALL THE INMATES WHO ARE ASSIGNED TO ALEXANDER CORRECTIONAL INSTITUTION. HE IS ALSO RESPONSIBLE FOR PROVIDING INMATES WITH INFORMATION PERTAINING TO THEIR AIDS TEST RESULT.

5. DEFENDANT, REGGIE WEISNER IS THE SUPERINTENDENT ALEXANDER CORRECTIONAL INSTITUTION. HE IS LEGALLY RESPON

**V. RELIEF SOUGHT BY PRISONER**

State briefly exactly what you want the Court to do for you. **MAKE NO LEGAL ARGUMENTS. DO NOT CITE CASES OR STATUTES.**

Sible For the operation of Alexander Correctional Institution And for the welfare of all the inmates Assigned to Said Prison.

6. Defendant, Keith Whitener is the Assistant Superintendant of Alexander Correctional Institution. He is Legally Responsible For Custody And Operation, And For the welfare of All the inmates Assigned to Said Prison.

7. Defendant, Matt Clark is the unit Manager of the Segregation unit At Alexander Correctional Institutional. He is Legally Responsible For the ~~Safty~~ Safety of All inmates Assigned to Alexander Correctional Segregation unit.

8. Each defendant is Sued individually And in his official Capacity. At All times Mentioned in this Complaint Each defendant Acted under the Color of State Law.

STATEMENT OF Claim

9. Plaintiff's Life is in Eminent Danger because defendant Piland withholds the Plaintiff's A.I.D.S test Result From the Plaintiff. Consequently, Plaintiff is Living in Constant Fear As to Whether or Not Plaintiff has Aids And not being treated For that Fatal. This Kind of Constant Fear Could give way to A Heart Attack or Stroke, which Could Lead to Death. The Level of Fear Doctor Piland Created, And Continue to Create, is one

that Equal to " A Stranger Putting A Gun to the back of your head". If A Stranger Puts A Gun to your head. The First thought A Sane Person would entertain is " Whether this Stranger is going to Squeeze the trigger And Blow My head off." That Level of Fear is equal to the one Defendant Piland had created by withholding my AIDS test Result from me, because Plaintiff is Constantly entertaining the thought of whether or Not he has Aids, And if so, whether or Not he is going to Die in Prison because of the untreated Aid virus.

10. During the Month of June 2005, Plaintiff had Submitted Several Sick Call Requests Requesting to be tested for Aids and Hepatitis, All of my Sick Call Requests had been Denied by Defendant Piland. Please See Exhibit 'A', For A Copy of A Sick Call Request I Submitted on June 6, 2005.

11. On July 5th 2005, I Filed A Grievance Against Defendant Piland, For Refusing to give me an AIDS and Hepatitis test. A Copy of that Grievance is Attached As Exhibit "B".

12. Several Days After the Filing of Said Grievance Against Defendant Piland, An Aids And Hepatitis test had been Administered to me by A nurse Miller. On or About July 25, 2005. Plaintiff Aids And Hepatitis test Result had Return to the Prison's Medical clinic.

13. During the Entire Month of August Plaintiff had made diligent Efforts to obtain information Concerning his Aids test Result. Plaintiff Asked Nurse Scott, Nurse goin, Nurse Tolar, Nurse Edmonds, Nurse Jerry, Nurse Watson, And A John Doe Nurse, they All gave the Same Answer which was, "there is No Aids test Result Documented in My Medical Records." After I had learned that something Rather unusual is going onn, I Submitted A Sick Call Request to the Prison's Medical Clinic, Requesting to Find out About My Aids test Result. An Answer was given to me, by A Nurse Ratcliff, her Answer was the Same As All the other Nurses, "There is No Aids test Result Documented in your Medical Record." On September 2, 2005, Nurse Miller And A Jane Doe Nurse told Plaintiff that A Negative Hepatitis test Result was Documented on July 25, 2005, but there is no Aids test Result.

14. Therefore, it is very clear that Defendant Piland is Withholding the Plaintiff Aids test Result in Retaliation ~~on~~ to A grievance Plaintiff Filed Against Defendant Piland on July 5th 2005.

15. On July 19, 2005, Defendant Piland took $3.00 From Plaintiff's trust Fund Account in Retaliation ~~on~~ to the Grievance Plaintiff Filed on July 5, 2005. See: Exhibit "B". The North Carolina Department of Correction Policy States that, "An inmate Should not be Charged An Additional $3.00 within

Fourteen days Prior to the Expiration of his Medication." This Means that if My Medication Expire on July 10, 2005, I Can't be Charged Again until July 25, 2005, if the Sick Addresses the same Medical Problem you was using that Medication for.

16. On June 12, 2005, A tube of Antifungal Cream had been issued to me by A ~~Goin~~ Nurse Goin, According to the instruction on the Antifungal Cream tube, it states that I should use the Product for Four (4) Weeks. 'Four Weeks From June 12, 2005, is July 10, 2005, Plus you Add another 14 day. This means that if I Submitted A Sick Call Request before July 25, 2005, Addressing the same Medical issue, I can not be Charged An Additional three Dollars $3.00. This wasn't the Case in My Situation, because Defendant Piland Charged Plaintiff An Additional $3.00 on July 19, 2005, For Follow-up Sick Call visit. Please See, Exhibit 'C', For more information on Copayment withdrawal

17. Defendants, Reggie Weisner, Keith Whitener, And Matt Clark, All had Knowledge of Defendant Piland's wrong doing, but had failed to do Anything to Stop him.

18. On September 2nd 2005, I Filed another Grievance Against Defendant Piland. In that Grievance I Pointed out the same set of Facts Contained in this Law Suit.

19. I Asked Defendants, Reggie Weisner, Keith

Whitener, And Matt Clark to Assist Me in Filing Criminal Charges against Defendant Piland but My Grievance had Feld on deaf hears.

20. The only Action I saw that Defendants, Reggie Weisner, Keith Whitener, And Matt Clark took was to Allowed defendant Piland to stop My vertigo Medication, (Meclizine), in Retaliation to My September 2nd 2005, Grievance.

## Claims For Relief

21. The withhold of Plaintiff's Aids test Result by Defendant Piland demonstrates deliberate indifference to his serious Medical Needs, And also it demonstrates Cruel And unusual Punishment, which violate Plaintiff's Fourteenth And Eighth Amendments to the United States Constitution

21. The withholding of Plaintiff's Aids test ~~Result~~ Result And the inappropriate Removal of Funds From the Plaintiff's trust Fund Account, in Retaliation to ~~As~~ A Grievance I Filed Against Defendant Piland on July 5, 2005, violate My Rights to Access the Court under the First Amendment to the United States Const.

22. The Actions of Defendants, Reggie Weisner, Keith Whitener, And Matt Clark in Allowing Defendant Piland

to Continue to withhold Plaintiff Aids test Result, Demonstrate Deliberate indifference to My Safety, which violate My Fourteenth Amendment to the United States Constitution.

23. The plaintiff has no plain, Adequate or Complete Remedy at Law to Redress the wrongs described herein. Plaintiff has been and will continue to Sustain injured or even Death by the Conduct of the defendants unless this Court grants the declaratory and injunctive Relief which Plaintiff Seeks

WHEREFORE, plaintiff Respectfully prays that this Court enter judgment granting plaintiffs:

24. A declaration that the Acts and omissions described herein Violated plaintiff's Rights under the Constitution and Laws of the United States.

25. A preliminary and permanent injunction ordering defendant Piland to give plaintiff A Copy of his Aids test Result.

26. Compensatory damages in the Amount of $5,000 Against Defendant Piland.

27. Punitive damages in the Amount of $10,000 Against Defendant Piland.

28. Compensatory damages in the Amount of $10,000 Against Defendants, Reggie Weisner, Keith Whitener, And Matt Clark jointly.

29. Punitive damages in the Amount of $10,000 Against Defendants, Reggie Weisner, Keith Whitener, And Matt Clark jointly And Severally.

30. A jury trial on all issues triable by jury.

31. Reimbursement of My $3.00.

32. Plaintiff's Cost in this Suit.

33. Any Additional Relief this Court deems just, proper, And Equitable.

Phillip Smith

Respectfully Submitted,

This the 5th Day of September 2005.

Signed this 5 day of Sept, 2005.

Phillip Smith
Signature of Plaintiff

Signature of other Plaintiffs
(if necessary)

**I declare under penalty of perjury that the foregoing is true and correct.**

9-5-05
Date

Phillip Smith
Signature of Plaintiff

Signature of other Plaintiffs
(if necessary)

EXHIBIT "A"

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## SICK CALL APPOINTMENT REQUEST

| Phillip Small | 752..1.. | G-7 | N/A | 6-..05 |
|---|---|---|---|---|
| *Inmate Name (please print)* | *Inmate Number* | *Dormitory* | *Duty Assignment* | *Date* |

Complete this form and put it in the locked sick call box. The form will be picked up by medical staff and your appointment will be posted as outlined in the medical orientation. Failure to report for an appointment when scheduled is considered a missed appointment and you will not be rescheduled. You will have to submit another request to be seen. **DO NOT USE THIS FORM FOR EMERGENCY REQUESTS. SEE A CUSTODY OFFICER FOR ANY MEDICAL EMERGENCIES.**

**WRITE YOUR MEDICAL REQUESTS IN THIS SPACE (Be specific)** I Respectfully Request to be tested for hepatitis, Tuberculosis and HIV. Please note: This is my tenth (10th) Request for the following testings.

**I understand that in accordance with NC Division of Prisons Co-Payment Policy, I will be charged a co-payment for applicable health care appointments. This request authorizes disbursement from my trust fund account for those health care visits.**

**Inmate Signature:** Phillip Small **Date:** 6-8-05

**INMATES: DO NOT WRITE BELOW THIS LINE**

ACTION TAKEN (Be specific and include DATE/TIME): ____________________

*Facility Name and Number* *Signature/Title*

**********************************************************************************

DATE RECEIVED ________ Triage Nurse ____________ Date/Time ________

DISPOSITION:

See Nurse - Date/Time ____________ See MD/PA - Date/Time ____________

See Dental - Date/Time ____________ Other ____________

**********************************************************************************

Original: Outpatient Health Record, Section VI
Copy: Facility Health Files

This form is not to be amended, revised or altered without approval of the Medical Record Forms Committee.

DC-602 (*revised 04/01*)

Re-Submitted - 7-5-05

G.9

DC-410 (8/89)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

1. Inmate Name: Phillip Small
2. Inmate No.: 0530312
3. Location: Alexander Corr. Inst
4. Date: 7-3-04
5. Grievance Statement: Please See Five Pages Attachment For More Information.

EXHIBIT "B"

6. What remedy would resolve your grievance?: Since Medical Staff At Alexander Corr. Inst, Are being Deliberate indifference to My Serious medical Needs, A Transfer to Another Prison would deem Appropriate in this Case

7. Inmate Signature: Phillip Small

OFFICIAL USE

8. Date received: 7/3/05
9. [signature] Receiving Officer Signature

7/05/05 Sgt. [signature]

10. [✓] This grievance is returned and can only be accepted when your current grievance completes step two.

11. Date delayed: 7/05/05
12. [signature] Screening Officer Signature

13. The grievance is rejected for the following reason(s): (Enter Code) ______

A. State or Federal Court Decision
B. Parole Commission Decision
C. Appeals disciplinary action
D. Action not yet taken
E. Exceeds 1 year time limit
F. Remedy for another inmate
G. More than one incident
H. ARP procedures not followed
I. Violates Disciplinary No. 38
J. Beyond control of DOC

If grievance is rejected, # 13, # 14, # 15, and # 16 are completed by the Screening Officer, a photocopy of grievance is forwarded to Superintendent for review, and the original grievance is returned to inmate.

14. Rejection Justification: ______

15. Date rejected: __/__/__
16. ______ Screening Officer Signature

17. Date accepted: 7/08/05
18. [signature] Screening Officer Signature

19. Grievance No. 4870-509-302-05

Item #13, 15, or 17 to be completed within 3 calendar days of item #8.
Distribution: White to point of final disposition, Blue for Unit record; Green to inmate.

Medical Staff at Alexander Correctional Institution Are being Deliberate indifference to My Serious Medical Needs by Refusing to test Me for tuberculosis, hepatitis, and H.I.V. This action is in direct violation to My Rights under the eighth amendment to the United States Constitution. See: Estelle V. Gamble, 429 U.S. 97 (1976), says that in Medical Problems "deliberate indifference to Serious Medical Needs" is "Cruel and unusual Punishment.

During the Months of April, May, and June 2005, inmate Phillip Small #0530312 had Submitted Several Sick-call Requests, Requesting to be tested for Tuberculosis, hepatitis, and H.I.V. (Please see Exhibit "B" for my Most Recent Sick call Request).

All of My Medical Requests have been denied by Dr. Pilano and Nurses Jane Doe(s), based on the following assertions (1) Inmate Phillip Small does not met the Criteria to be tested for hepatitis or H.I.V. (2): Local, State, and federal law stated that an institutionalized individual <u>Must be test for tuberculosis once Per year</u>.

## ARGUMENT

### POINT 1

On the Months of April, August, and November 2004, the Tuberculosis Skin tests were administered to me Respectively (Please See Exhibit "A" for Medical Staff Notation)

Exhibit "A" and my Medical Records are in Conflict With Dr. Piland's assertion Concerning the Number of tim. I maybe tested for Tuberculosis within a year's Period.

On the One hand, if Dr. Piland's assertion holds untrue Concerning the number of times that I maybe tested for tuberculosis, then that means that the Policy Concerning the tuberculosis tests at Alexander Correctional Institution Must be Corrected, and the tuberculosis test must be free given to whoever Requested it. On the other hand, if Dr. Piland's assertion holds true, then this simply means th Medical Staff at another institution had violated the Ru Governing the number of times that I maybe tested for tuberculosis within a year's Period, by testing me for tuberculosis three (3) times last year.

ARGUMENT

POINT II

Since Medical Staff at another institution may have had violated the Policy which Governs the Tuberculosis testing, therefore it's quite Reasonable to say that those Medical Staff may have had violated other Medical Protocols as well when they administered the tuberculosis Skin test to me on april, August, and November 2004. And it is quite plausible that those said Medical Staff may have had injected me with a un-sterilized needle, which may Cause H.I.V. or hepatitis.

ARGUMENT

POINT III

Since it is not far fetched to say that I might have been injected with an un-sterilized needle During those months of April, August, and November of 2004. Therefore; Dr. Piland had no Right to Denied me a Request for hepatitis and H.I.V. test.

In addition to the aforementioned, Dr. Piland's action or his in-action in the instance Case Violates the "Hippocratic oath". Whereby, one Should question the integrity of the Office he holds.

Thanks in advance; for your time and assistance in this matter.

Respectfully Submitted
Phillip Smith

Exhibit "A"

MG09

# INMATE REQUEST FORM

Inmate's Name: Phillip Smith Inmate's Signature: Phillip Smith

OPUS#: 0530317 Date: 6-6-05 Wing: G Cell: 9

Check the appropriate location that your request is to be forwarded. Be specific in your request and complete all blanks. Complete the correct section for which you are requesting. Allow ample time for your request to be answered. Trust Fund inquiries will be answered in the Money Order Request section.

FORWARD:

☐ Unit Manager ☐ Asst. Unit Manager ☐ Sergeant on Duty ☐ Social Worker ☐ Case Manager
☐ Medical ☐ Admin. Asst. ☐ Trust Fund ☐ Canteen Sergeant ☐ Program Director
☐ Chaplain ☐ Other (specify): ____

Request the following information: I Would like to Know the dates When I Took TB test last year. all the dates.

**Prescription Medication Refill Request**

Please complete this 7-10 days before the medication supply runs out. After completing this form with the medication name anc prescription number, put it in the sick call box and then watch for your name to be posted on the medication pick-up list.

MEDICATION NAME PRESCRIPTION #

**Money Order Request**

I understand that although my money order may be approved, it will be subject to rejection if the item purchased does not mee AXCI policy.

Make my money order payable to: ____

Amount of money order: ____ Unit Manager Approval (less than $500.00): ____

Reason for money order: ____ Asst. Supt. Custody/Ops (more than $500.00): ____

Support Captain Approval for STG inmates: ____

## OFFICIAL USE ONLY

Screened & Approved By: B[illegible] RN

Action(s) taken/comments: 6-6-05 0410

4-6-04
8-25-04 } Dates for TB Skin Test in 2004.
11-23-04

TRUST FUND USE ONLY: Check #: ____ Date Mailed: ____

DC-410A (11/99)

# NORTH CAROLINA DEPARTMENT OF CORRECTION
## DIVISION OF PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

**Step One - Unit Response**

20. Grievance No.: 4870- SEG-302-05

21. Inmate Name: Phillip Small

22. Inmate No.: 0530312

23. Grievance Response **(Item #25 to be completed within 15 calendar days of date in item #17):**

In response to your grievance:

According Nurse Vicki Coffey, you requested for a HIV test. All inmates receive an annual TB test on their incarceration date (Last done 02/11/05), and a Hepatitis panel was done on 04/02 with a negative results. The above tests are ordered as deemed appropriate by the clinician, and they will only be repeated at the request of the clinician according to CDC guidelines. Your concern about a non-sterile needle is unfounded due to the fact that the Department of Correction uses only sterile needles, and needles are not reused. Your medical needs have addressed according to policy.

No further action necessary

24. Date: 7.22.05 8-2-05

25. [signature]
Superintendent Signature

26. (A)____ Agree with grievance response

(B) ✓ Appeal to Step Two **(24-hour limit)**

27. Date: 7-22-05

28. [signature: Phillip Small]
Inmate Signature

**Step Two - Area/Complex/Institution Response**

29. Step two response **(Item #31 to be completed within 20 calendar days of date in item #27):**

The response provided at step one (item #23) adequately addresses the inmate's complaint.

30. Date: 8-1-05

31. [signature]
Administrator Signature

32. (A)____ Agree with grievance response

(B) ✓ Appeal to Secretary, DOC **(24-hour limit)**

33. Date: 8-3-05

34. [signature: Phillip Small]
Inmate Signature

**DISTRIBUTION:** White to point of final disposition; Blue for Unit Record; Green to Inmate

EXHIBIT C.

NORTH CAROLINA DEPARTMENT OF CORRECTION
TRUST FUND ACCOUNT STATEMENT
FACILITY: 4870 - ALEXANDER C.I.
FOR: 03/01/05 - 08/31/05

IBSR140 (60)

08/31/05
16:59:03
PAGE 1

ACCT. NAME: SMALL, PHILLIP
BED: MPODG009

ACCT#: 0530312
TYPE: INMATE

ENDING BALANCE 08/31/05 $ 34.94 INCLUDES CANTEEN LIMIT OF $34.94

| DATE | BATCH NBR. | TYPE | REFERENCE NUMBER | FACL | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|
| 08/19/05 | 032 | CASHLS CANTEEN-I | 00255 | 4870 | - | $ 6.09 | $ 34.94 |
| 08/05/05 | 026 | CASHLS CANTEEN-I | 00122 | 4870 | - | $ 7.76 | $ 41.03 |
| 07/27/05 | 009 | FILING FEE WTH | 0308041002B | 4870 | - | $ 5.67 | $ 48.79 |
| 07/27/05 | 076 | CHECK (DEPOSIT) | 487019949 | 4870 | + | $ 28.33 | $ 54.46 |
| 07/22/05 | 021 | CASHLS CANTEEN-I | 00275 | 4870 | - | $ 1.69 | $ 26.13 |
| 07/22/05 | 021 | CASHLS CANTEEN-I | 00273 | 4870 | - | $ 3.31 | $ 27.82 |
| 07/22/05 | 010 | FILING FEE WTH | 0308041002B | 4870 | - | $ 2.00 | $ 31.13 |
| 07/22/05 | 032 | MONEY ORDER DEP. | 08154016828 | 4870 | + | $ 10.00 | $ 33.13 |
| X07/19/05 | 116 | COPAY WITHDRAWAL | 0711051440I | 4870 | - | $ 3.00 | $ 23.13 |
| 07/08/05 | 025 | CASHLS CANTEEN-I | 00261 | 4870 | - | $ 5.68 | $ 26.13 |
| 07/01/05 | 018 | FILING FEE WTH | 0308041002B | 4870 | - | $ 4.00 | $ 31.81 |
| 07/01/05 | 029 | MONEY ORDER DEP. | 08409633625 | 4870 | + | $ 20.00 | $ 35.81 |
| 06/24/05 | 014 | CASHLS CANTEEN-I | 00024 | 4870 | - | $ 8.13 | $ 15.81 |
| 06/12/05 | 020 | COPAY WITHDRAWAL | 0610050915I | 4870 | - | $ 3.00 | $ 23.94 |
| 06/10/05 | 022 | CASHLS CANTEEN-I | 00187 | 4870 | - | $ 9.32 | $ 26.94 |
| 06/03/05 | 014 | CASHLS CANTEEN-I | 00051 | 4870 | - | $ 1.17 | $ 36.26 |
| 05/27/05 | 026 | CASHLS CANTEEN-I | 00055 | 4870 | - | $ 0.92 | $ 37.43 |
| 05/20/05 | 023 | CASHLS CANTEEN-I | 00274 | 4870 | - | $ 2.21 | $ 38.35 |
| 05/18/05 | 007 | FILING FEE WTH | 0308041002B | 4870 | - | $ 5.00 | $ 40.56 |
| 05/18/05 | 050 | MONEY ORDER DEP. | 08407393874 | 4870 | + | $ 25.00 | $ 45.56 |
| 05/13/05 | 019 | CASHLS CANTEEN-I | 00224 | 4870 | - | $ 8.32 | $ 20.56 |
| 05/06/05 | 023 | CASHLS CANTEEN-I | 00223 | 4870 | - | $ 1.61 | $ 28.88 |
| 05/06/05 | 012 | CASHLS CANTEEN-I | 00043 | 4870 | - | $ 8.32 | $ 30.49 |
| 04/29/05 | 012 | CASHLS CANTEEN-I | 00084 | 4870 | - | $ 4.06 | $ 38.81 |
| 04/22/05 | 019 | CASHLS CANTEEN-I | 00220 | 4870 | - | $ 2.77 | $ 42.87 |
| 04/17/05 | 020 | COPAY WITHDRAWAL | 0411050830I | 4870 | - | $ 3.00 | $ 45.64 |
| 04/15/05 | 015 | CASHLS CANTEEN-I | 00141 | 4870 | - | $ 4.62 | $ 48.64 |
| 04/08/05 | 021 | CASHLS CANTEEN-I | 00192 | 4870 | - | $ 6.44 | $ 53.26 |
| 04/05/05 | 025 | FILING FEE WTH | 0308041002B | 4870 | - | $ 5.00 | $ 59.70 |
| 04/05/05 | 051 | MONEY ORDER DEP. | 08404408596 | 4870 | + | $ 25.00 | $ 64.70 |
| 04/01/05 | 034 | CASHLS CANTEEN-I | 00059 | 4870 | - | $ 0.92 | $ 39.70 |
| 03/23/05 | 022 | CASHLS CANTEEN-I | 00257 | 4870 | - | $ 0.25 | $ 40.62 |
| 03/23/05 | 022 | CASHLS CANTEEN-I | 00255 | 4870 | - | $ 1.02 | $ 40.87 |
| 03/22/05 | 131 | COPAY WITHDRAWAL | 0318051015I | 4870 | - | $ 3.00 | $ 41.89 |
| 03/18/05 | 013 | CASHLS CANTEEN-I | 00130 | 4870 | - | $ 9.71 | $ 44.89 |
| 03/11/05 | 007 | CASHLS CANTEEN-I | 00054 | 4870 | - | $ 5.91 | $ 54.60 |
| 03/04/05 | 025 | CASHLS CANTEEN-I | 00109 | 4870 | - | $ 8.32 | $ 60.51 |

BEGINNING BALANCE 03/01/05 $ 68.83

| DEBT DATE | DEBT TIME | TYPE OF DEBT | AMOUNT OF DEBT | AMOUNT STILL OWED |
|---|---|---|---|---|
| 03/08/04 | 10:02 | FILING FEES-CASE#5:04-CT-121-BO | $ 150.00 | $ 17.33 |