IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV247-03-MU

| | |
|---|---|
| PHILLIP SMALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DR. PILAND; REGGIE WEISNER; ) | |
| KEITH WHITENER; MATT CLARK ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed September 8, 2005. (Document No. 1. )

Plaintiff alleges that sometime in July 2005 he was given an HIV and hepatitis test. Plaintiff contends that the results of these tests were sent to the prison medical clinic on July 25, 2005. However, Plaintiff has been unable to obtain the results of his HIV test. On September 2, 2005, a nurse told Plaintiff that his hepatitis test was negative but that there was no AIDS test result in his file. Plaintiff contends that Dr. Piland is withholding the results of the AIDS test in retaliation over a grievance Plaintiff previously filed against him on July 5, 2005.

The defendants named in Plaintiff's Complaint are Dr. Piland, Reggie Weisner, Warden at Alexander Correctional Institution, Keith Whitener, Assistant Warden at Alexander Correctional Institution and Matt Clark, Unit Manager at Alexander Correctional Institution. In general, respondeat superior is inapplicable in § 1983 suits. However, liability may attach to a supervisor or official if the conduct directly causing the deprivation was undertaken to effectuate official policy or custom for which the official is responsible. Monell v. Department of Social Services, 436 U.S.

658, 694 (1978). Plaintiff does not allege that Defendants Weisner, Whitener and Clark were specifically involved in his HIV testing and does not allege any official policy for which these Defendants were responsible. Plaintiff does not allege facts which would support liability against Defendants Weisner, Whitener or Clark. Therefore, there is no valid cause of action against them and they are dismissed from the case.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions.[1] With respect to Defendant Dr. Piland, Plaintiff mentioned in his Complaint that he filed a grievance against Dr. Piland on September 2, 2005 alleging the same facts as are contained in his Complaint (See Complaint at ¶ 18.) However, a copy of this grievance was not attached to the Complaint for the Court's review despite the fact that Plaintiff attached copies of other grievances which are not relevant to his allegation that Dr. Piland is withholding the results of his AIDS test. Consequently, Plaintiff has failed to establish that he has fully exhausted[2] his claim against Dr. Piland, for failing to provide Plaintiff with the results of his HIV test, before filing a lawsuit. Plaintiff's Complaint is therefore dismissed without prejudice.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is

---

[1] The Court notes that the fact that one of the remedies sought by Plaintiff is money does not relieve him of his obligation to exhaust his administrative remedies. The United States Supreme Court has held that an inmate seeking only monetary damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some sort of relief, even if the process does not make specific provisions for monetary relief. Booth v. Churner, 121 S. Ct. 1819, 1825 (2001).

[2] Even if Plaintiff can provide the Court with a copy of the grievance he claims to have filed against Dr. Piland on September 2, 2005, given that this Complaint was dated September 5, 2005, it is highly unlikely and most likely impossible for him to have fully exhausted the grievance process in that amount of time.

Dismissed for failure to state a claim for relief against Defendants Weisner, Whitener and Clark. The Complaint is dismissed without prejudice as to Defendant Dr. Piland for failure to fully exhaust administrative remedies prior to filing a lawsuit.

**Signed: September 29, 2005**

*[signature]*

Graham C. Mullen
Chief United States District Judge